UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINCENT MCGOLDRICK,

        Plaintiff,

CASE NO. 6:04-cv-720-ORL-31KRS

vs.

TAMPA SERVICE COMPANY,
INC.; PACESETTER PERSONNEL
SERVICE, INC. and KEN JOEKEL,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, VINCENT MCGOLDRICK, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendants, TAMPA SERVICE COMPANY, INC.; PACESETTER PERSONNEL SERVICE, INC. and KEN JOEKEL (hereinafter referred to collectively as the "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") and Chapter 448, Florida Statutes. Plaintiff seeks damages and a reasonable attorney's fee.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b) and for the state law claim under the doctrine of pendent jurisdiction.

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Orlando, Orange County, Florida.

## THE PARTIES

4. Plaintiff was at all times material, was employed by Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., as an office dispatcher, at its business located in Orlando, Orange County, Florida.

5. The Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., are Florida corporations that operate a temporary labor company with an office located in Orlando, Florida. Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., are employers as defined by 29 U.S.C. Section 203(d). The employers have employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6. Plaintiff was an employee of TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., and, at all times relevant to violations of

the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7. Alternatively, Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., are enterprises engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8. Defendant, KEN JOEKEL, was at all times material hereto, the owner and/or officer of Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC.

9. Defendant, KEN JOEKEL, at all times material hereto was acting directly or indirectly in the interest of Defendants, TAMPA SERVICE COMPANY, INC. and PACESETTER PERSONNEL SERVICE, INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the employee's work and is therefore considered a statutory employer under 29 U.S. C. 203(d).

10. Plaintiff has retained the Pantas Law Firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

11. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10, above.

12. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at

which he was employed for work weeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE
## PROVISION OF THE FAIR LABOR STANDARDS ACT
## UNDER FEDERAL LAW

13.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10, above.

14.    The Defendants willfully violated Section 6 and Section 15 of the Fair Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by Defendants. Specifically, Plaintiff worked his last week with the Defendant ending January 5, 2004, and received less than the minimum wage for hours worked that week, and in fact was

never compensated by Defendants for work for said period.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT III
## UNPAID WAGES UNDER FLORIDA STATUTES, CHAPTER 448 AS TO DEFENDANTS, PACESETTER PERSONNEL SERVICE, INC. AND TAMPA SERVICE COMPANY, INC.

15. Plaintiff re-alleges the allegations contained in paragraphs 1 through 10, above.

16. This is an action brought pursuant to and arising under Chapter 448, Florida Statutes and Florida common law.

17. Defendants, PACESETTER PERSONNEL SERVICE, INC. and TAMPA SERVICE COMPANY, INC., have willfully failed to pay Plaintiff wages/compensation due to him with regard to his employment. This constitutes unpaid wages, recoverable under Chapter 448, Florida Statutes and Florida common law.

18. Pursuant to Chapter 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff requests judgment against the Defendants, PACESETTER PERSONNEL SERVICE, INC and TAMPA SERVICE COMPANY, INC., for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 5/12/04

Respectfully submitted,

CHARLES L. SCALISE, ESQ.
Florida Bar No.: 0776327
K.E. PANTAS, ESQ.
Florida Bar No.: 0978124
PANTAS LAW FIRM, P.A.
1720 S. Orange Avenue, 3rd Floor
Orlando, Florida 32806
Telephone: (407) 425-5775
Facsimile: (407) 425-2778
Trial Counsel for the Plaintiff